UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Haynie Smith**, | |
| Plaintiff, | Case No. |
| v. | |
| **Ashford University**, | Complaint and Demand for Jury Trial |
| Defendant. | |

# COMPLAINT

Haynie Smith (Plaintiff), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against Ashford University (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Wisconsin and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Wisconsin.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Milwaukee, Wisconsin 53203.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business at 1300 Evening Creek Drive North, #600, San Diego, California 92128.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning around July 2015, Defendant repeatedly called Plaintiff on his cellular telephone to solicit him to sign up for classes.

13. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

14. Plaintiff also knew the calls were coming from Defendant because they all came from the same number, 800-798-0584. The undersigned counsel has confirmed that this number belongs to Defendant.

15. Within the first few calls around July 2015, Plaintiff told Defendant he did not wish to be contacted.

16. On subsequent calls through December 2017, Plaintiff repeated his instruction to Defendant not to call.

17. Defendant heard and acknowledged Plaintiff's instructions to stop calling.

2

18. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff multiple times per week into December 2017.

19. Once Defendant was aware its calls were unwanted there was no lawful purpose in calling Plaintiff.

20. Plaintiff eventually grew so frustrated with Defendant's incessant calls that in December 2017 he sought legal representation.

21. The undersigned counsel agreed to represent Plaintiff and sent Defendant a letter of representation on December 27, 2017. See Exhibit A, Letter of Representation. This letter expressly demanded that Defendant cease and desist all direct communication with Plaintiff and stated that Plaintiff revoked any consent to be called on cellular telephone number that he may have previously granted. See id. Counsel sent the letter to Defendant via Certified Mail, tracking number 7017 1070 0000 7488 2488.

22. Defendant received counsel's letter of representation on January 2, 2018. See Exhibit B, Certified Mail Return Receipt.

23. Despite the letter of representation, Defendant continued to contact Plaintiff into January 2018, calling him on his cellular telephone on January 5, January 11, and January 15, 2018, and sending him three emails within minutes of each other on January 11, 2018. See Exhibit C, Screenshots of Calls, and Exhibit D, Emails of January 11, 2018. Plaintiff took screenshots from his cellular telephone showing these January calls as well as prior calls on December 27, December 18, December 6, November 30, November 27, and November 22, 2017. See Exhibit C.

24. When placing these calls to Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

25. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay and/or prerecorded voice before being connected with Defendant's live representatives.

26. Plaintiff received automated voice messages from Defendant.

27. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

30. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

32. After Plaintiff revoked consent, Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

33. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

34. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

Wherefore, Plaintiff, Haynie Smith, respectfully prays for judgment as follows:

  a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

  b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

  c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

  e. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Haynie Smith, demands a jury trial in this case.

Respectfully submitted,

Dated: 1/16/18

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com

5